UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERYL ANN LAURIE GUTHRIE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>Defendant. | NO: 13-CV-3069-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 16 and 17). Plaintiff is represented by D. James Tree. Defendant is represented by Jeffrey R. McClain. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed an application for disability insurance benefits on January 10, 2010, alleging a disability onset date of July 1, 2006. Tr. 135-36. This application was denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 72-78, 80-86. A hearing was held before an Administrative Law Judge on January 11, 2012. Tr. 37-67. The ALJ rendered a decision denying Plaintiff benefits on February 8, 2012. Tr. 18-26.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through March 31, 2010. Tr. 20. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2006, the alleged onset date, through March 31, 2010, her date last insured. Tr. 20. At step two, the ALJ found that Plaintiff had severe impairments consisting of (1) coronary artery disease, diabetes mellitus, hypertension, trigger finger in the right hand, and obesity. Tr. 20. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment through the date last insured. Tr. 21. The ALJ then determined that Plaintiff had the residual functional capacity to:

Perform the full range of sedentary work as defined in 20 CFR 404.1567(a). However, all postural activities are limited to occasional with never climbing ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to extreme heat, cold, humidity and hazards. Last, the claimant should avoid even moderate exposure to cold temperatures.

Tr. 21-22. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a service representative. Tr. 25. In light of this step four finding, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. Tr. 25.

The Appeals Council denied Plaintiff's request for review on May 10, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-6; 20 C.F.R. § 404.981.

## ISSUES

Plaintiff raises three issues for review:

1. Whether the ALJ erred in discrediting the opinion of treating physician Dr. Judith Harvey that Plaintiff would need to lie down for one hour at least twice per day;

2. Whether the ALJ erred in discrediting Plaintiff's testimony about the nature and severity of her symptoms;

3. Whether the ALJ properly considered the testimony of the vocational expert in response to her counsel's hypothetical question.

## DISCUSSION

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by

clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff contends that the ALJ erroneously rejected the opinion of treating physician Dr. Judith Harvey. In a medical report dated November 1, 2011, Dr. Harvey opined that Plaintiff would need to lie down for one hour at least twice per day due to fatigue caused by her coronary artery disease. Tr. 535. This opinion was contradicted by medical expert Dr. John Morse, who testified that there was "no cardiac reason for [Plaintiff] to have fatigue." Tr. 49. The ALJ rejected Dr. Harvey's opinion for the reason that it had been furnished some nineteen months after Plaintiff's Title II coverage expired. *See* Tr. 24 ("It was not until November 2011, when her treating doctor stated she would need to lie down a couple of times a day for fatigue. The undersigned cannot ignore this is a year and [a] half after her date last insured."). As Plaintiff correctly notes, however, Dr. Harvey's report clearly states that this limitation had existed "since at least . . . August 2006." Tr. 537. Thus, the ALJ's rejection of this opinion is not grounded in specific and legitimate reasons supported by substantial evidence.

Defendant argues that any error in the ALJ's analysis is harmless because (1) the record reflects that Plaintiff's fatigue is "primarily related to her taking the prescription medication Metoprolol"; (2) Plaintiff "denied experiencing fatigue on a number of occasions"; and (3) Plaintiff was noted to have been riding her bike

three miles per day in November 2006. ECF No. 17 at 7-8. These arguments are unpersuasive because this Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quotation omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Moreover, the error cannot be deemed harmless because the ALJ relied upon her misinterpretation of Dr. Harvey's medical records in discrediting Plaintiff's testimony about the severity of her fatigue symptoms:

> There is no evidence other than the claimant's self-reports [sic] she needed to lie down to the extent described at the hearing. Plus, her complaints of needing to lie down are found to be after her date last insured and do not support a finding of disability for Title II benefits in this case.

Tr. 24. Since there *was* medical evidence to support Plaintiff's subjective symptom testimony, the ALJ's adverse credibility determination was also erroneous.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

The question, then, is whether Plaintiff is entitled to an award of benefits or whether a remand for further proceedings is warranted. Under the Ninth Circuit's "credit-as-true" rule, a remand for an award of benefits is appropriate when:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, --- F.3d ----, 2014 WL 3397218 at *20 (9th Cir., July 14, 2014). When the above conditions are satisfied, a remand for benefits must be ordered unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at *21.

The Court finds that a remand for benefits is appropriate. The record has been fully developed, and further administrative proceedings would serve no useful purpose. Indeed, the only purpose that further proceedings could possibly serve is to afford the ALJ an opportunity to revise her flawed legal analysis. As the Ninth Circuit explained in *Garrison*, such a result would be unfair to Plaintiff and would promote inefficiency. *See id.* at *20 ("Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then

attempting to justify it by ignoring competent evidence in the record that suggests an opposite result. . . . Moreover, it avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case.").

Furthermore, the record reflects that the ALJ would have been required to find Plaintiff disabled had she properly credited Dr. Harvey's opinion that Plaintiff would need to lie down for one hour at least twice per day. As Plaintiff notes, the vocational expert testified that such a requirement would preclude a hypothetical worker with Plaintiff's limitations from maintaining competitive employment. Tr. 65. Thus, there is no reason to remand for further consideration of whether Plaintiff could perform other work existing in significant numbers in the national economy with an RFC that incorporates Dr. Harvey's opinion.

Finally, the Court is unable to find that the record creates "serious doubt" about whether Plaintiff is actually disabled. *Id.* at \*21. In the final analysis, one of Plaintiff's treating physicians opined that Plaintiff would need to take periodic rest periods throughout the day on account of fatigue caused by her coronary artery disease. Although this opinion was contradicted by a non-treating, non-examining physician, the ALJ failed to provide any specific and legitimate reason supported by substantial evidence for rejecting it. When presented with a hypothetical that incorporated this limitation, the vocational expert testified that it would preclude

Plaintiff from maintaining competitive employment. Plaintiff is therefore entitled to benefits.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is hereby **REVERSED** and **REMANDED** to the Commissioner for calculation and award of benefits.

4. Plaintiff may file an application for attorney's fees and costs by separate motion without moving to re-open the file.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** July 23, 2014.

THOMAS O. RICE
United States District Judge